**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5231

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEPHEN ARTHUR LACY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:04-cr-00040)

Submitted: November 21, 2006       Decided:  November 28, 2006

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William E. Loose, WILLIAM E. LOOSE, ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, David Kenneth Davis, Corey F. Ellis, OFFICE OF THE UNITED STATES ATTORNEY, Asheville,  North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen Arthur Lacy entered a guilty plea to obstruction of commerce by robbery, in violation of 18 U.S.C. § 1951 (2000)(Count One), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000)(Count Two). He received a sentence of 204 months imprisonment on Count One and 84 months on Count Two to run consecutively.

Lacy's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has concluded there are no meritorious issues for appeal and that Lacy waived his right to appeal as part of his plea agreement except for claims of ineffective assistance of counsel or prosecutorial misconduct, and there are no such meritorious claims on appeal. Lacy filed a pro se supplemental brief arguing that his appeal waiver was invalid because it was entered prior to the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and that his sentence exceeded that authorized by his guilty plea. Finding no reversible error, we affirm.

Because counsel had not raised any specific issues in his Anders brief, and in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.

We find Lacy's claim in his pro se brief that his appeal waiver was invalid meritless. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742(a) (2000). United States v. Wessells, 936 F.2d 165 (4th Cir. 1991). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Whether a defendant has effectively waived the right to appeal is an issue of law reviewed de novo. Id. The record establishes that Lacy knowingly and intelligently waived his right to appeal. The waiver is not rendered unenforceable based on the Supreme Court's subsequent opinion in Booker. See United States v. Johnson, 410 F.3d 137 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); Blick, 408 F.3d at 170-73.

Next, we find Lacy's claim that his sentence exceeded that authorized by his guilty plea is without merit. Lacy agreed as part of his plea agreement that the appropriate guideline range was 262 to 327 months of imprisonment and he was sentenced to a total combined sentence of 288 months of imprisonment, which is within that range. Further, Lacy's sentence was imposed consistent with United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), and was within the advisory guideline range and within the statutory mandatory minimums and maximums.

Therefore, having found no meritorious issues for appeal, we affirm Lacy's convictions and sentence.  This court requires that counsel inform Lacy, in writing, of the right to petition the Supreme Court of the United States for further review.  If Lacy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lacy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED